CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 19 2010

JOHN F. CORCORAN, CLERK
BY: /s/ _____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5:07CR00063-006 |
| ) | Civil Action No. 5:09CV80184 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | |
| DUSTIN SCOTT FILES, ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Dustin Scott Files, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, and the time for Files' response has expired, making the matter ripe for the court's disposition. For the reasons that follow, the government's motion will be granted and Files' motion will be denied.

### Background

On December 12, 2007, Files and eighteen other defendants were charged in a seventy-count superceding indictment returned by a grand jury in the Western District of Virginia. Count One charged that, beginning on a date unknown to the grand jury, but not later than November of 2006, and continuing until November 20, 2007, Files and the other defendants conspired to manufacture, distribute, and possess with intent to distribute more than five kilograms of cocaine powder, more than 50 grams of cocaine base, and more than 50 grams of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846.

On May 14, 2008, Files entered a plea of guilty to Count One of the superceding indictment, pursuant to a written plea agreement. Under the terms of the plea agreement, the government agreed to recommend a three-level reduction for acceptance of responsibility, pursuant to § 3E1.1 of the United States Sentencing Guidelines, if Files, in fact, accepted

responsibility for his actions. (Plea Ag. at 3). The government also agreed to consider filing a substantial assistance motion under § 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e), if Files provided full, truthful, and complete information and cooperation.[1] (Plea. Ag. at 6).

In exchange, Files agreed to waive the right to appeal "any sentencing guidelines factors or the Court's application of the sentencing guidelines factors to the facts of [his] case." (Plea Ag. at 4). Files also agreed to waive "[his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court." (Plea Ag. at 5).

Files initialed every page of the plea agreement, including the page containing the waiver of collateral-attack rights. By signing the plea agreement, Files affirmed that he had read the plea agreement, that he had carefully reviewed every part of the agreement with his attorney, that he understood the agreement, that he was voluntarily agreeing to its terms, that he had not been coerced, and that he had not been promised anything beyond the terms of the agreement in exchange for his plea of guilty. (Plea Ag. at 8-9).

During the Rule 11 hearing, United States Magistrate Judge James G. Welsh conducted a thorough plea colloquy. Files stated under oath that he had completed the eleventh grade, that he had earned his GED, that he could read and write, and that he was not suffering from a physical or mental problem that would impair his ability to understand or participate fully in the proceeding. (Plea Hearing Tr. at 3-4). The magistrate judge established that Files understood the

---

[1] Files acknowledged and agreed that whether a substantial assistance motion would be made was in the sole discretion of the United States Attorney, and that the plea agreement was not contingent on the government making such motion. (Plea Ag. at 6).

charge to which he was pleading guilty, that he was aware that the charge carried a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), and that he understood how the advisory sentencing guidelines might apply in his case. (Tr. at 12-16).

The magistrate judge instructed the prosecutor to review the salient portions of the plea agreement that Files had reached with the government. In response, the prosecutor outlined several paragraphs of the plea agreement, including paragraphs nine and ten. The prosecutor explained that, pursuant to those paragraphs, the defendant would be "waiving his right to appeal the court's determination of his sentencing guideline computation," and that he would be "waiving his right to collaterally attack either the sentence or the conviction by this court by means of habeas corpus." (Tr. at 9). Upon being asked if the prosecutor's summary of the plea agreement was consistent with his own understanding of the agreement, Files responded in the affirmative. (Tr. at 9).

The magistrate judge then questioned Files regarding his understanding of particular terms of the plea agreement. Files affirmed that he knew that he was waiving his right to appeal "any sentencing guideline . . . issues and any sentence of the court that [was] within the guideline range." (Tr. at 17). Files also affirmed that he knew that he was "waiving [his] right to challenge [his] conviction or [his] sentence or both in any post-conviction proceeding." (Tr. at 17). Additionally, the magistrate judge specifically inquired as to whether Files was voluntarily pleading guilty and as to whether he was satisfied with his attorney's representation. Files affirmed that he was satisfied with the services provided by his attorney, that no one had forced him to enter into the plea agreement or to enter a plea of guilty, and that no one had made any

promises other than those included as terms of the plea agreement.[2] (Tr. at 30-31). Despite all of the magistrate judge's questions, Files stated that he still wanted to plead guilty. (Tr. at 29). At the conclusion of the hearing, the magistrate judge asked Files whether he had any questions or anything that he wanted to say. Files responded in the negative. (Tr. at 31).

On May 16, 2008, the magistrate judge issued a report in which he recommended that the court accept Files' guilty plea. The magistrate judge found that Files was fully competent and capable of entering an informed plea, that Files was aware of the nature of the charge against him and the consequences of his plea, and that Files' plea was knowing and voluntary. Files did not file any objections to the magistrate judge's report. Consequently, on July 8, 2008, the court issued an order adopting the report and the findings and recommendation contained therein.

The court conducted Files' sentencing hearing on September 9, 2008. During the hearing, the court sustained in part and overruled in part an objection by the defendant regarding the applicable drug weight. The court ultimately found that the defendant was responsible for between five and fifteen kilograms of cocaine powder, which gave rise to a base offense level of 32 under the United States Sentencing Guidelines. The court applied a two-level firearms enhancement and a three-level reduction for acceptance of responsibility, which resulted in a total offense level of 31. When coupled with a criminal history category of V, Files' total offense level yielded an advisory guideline range of imprisonment of 168 to 210 months. The court ultimately sentenced Files to a term of imprisonment of 180 months.

---

[2] Consistent with his sworn statements during the Rule 11 hearing, Files signed a guilty plea form, by which he affirmed that his plea of guilty was knowing and voluntary, and that it was made without any threats or promises.

Before the court pronounced the sentence, Files was given the opportunity to address the court. At that time, File did not express any desire to withdraw from the plea agreement, or voice any complaints regarding the quality and effectiveness of his attorney's representation. Files did not appeal his conviction or sentence.

Files filed the instant § 2255 motion on September 14, 2009. Liberally construed, the motion asserts the following claims of ineffective assistance of counsel:

1. Counsel failed to properly advise Files of the waiver of collateral-attack rights contained in his plea agreement;

2. Counsel coerced Files to plead guilty by promising him that he would receive a term of imprisonment of between 120 and 144 months; and

3. Counsel failed to object to "erroneous drug types and amounts attributed to Files at sentencing."

(Pet.'s Mot. at 5, 6, 8, 9). Additionally, Files claims that his sentence was based on an unreasonable distinction between crack cocaine and powder cocaine.[3] (Pet.'s Mot. at 9).

The government moved to dismiss Files' § 2255 motion on November 19, 2009, arguing that Files had waived the right to collaterally attack his conviction and sentence. The court notified Files of the government's motion, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and gave him twenty days in which to file a response. As of this date, no response has been filed. The matter is now ripe for review.

---

[3] As was previously indicated, however, Files' base offense level of 32 was based solely on the amount of cocaine powder for which he was held responsible.

5

## Discussion

"The guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). "The advantages of plea bargains 'can be secured, however, only if dispositions by guilty plea are accorded a great measure of finality.'" United States v. Lemaster, 403 F.3d 216, 219-220 (4th Cir. 2005) (quoting Blackledge, 431 U.S. at 71). To this end, the government often obtains waivers of appellate and collateral-attack rights from criminal defendants as part of their plea agreement, and the United States Court of Appeals for the Fourth Circuit has held that such waivers are valid as long as they are knowingly and voluntarily made. See Lemaster, 403 F.3d at 219-220.

The determination of whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused" during the plea colloquy. United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). The Fourth Circuit has emphasized that "a defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity'" and "present 'a formidable barrier in any subsequent collateral proceedings.'" United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge, 431 U.S. at 74). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)). If a district court determines that a petitioner knowingly and voluntarily waived his collateral-attack rights, and that the

6

petitioner's claims fall within the scope of the waiver,[4] the court must dismiss the § 2255 motion without addressing the merits of those claims. See Id. at 222.

Having reviewed the record in this case, the court concludes that Files' guilty plea and his waiver of collateral-attack rights were knowing and voluntary. Files initialed every page of the plea agreement, including the page containing the waiver of collateral-attack rights. By signing the plea agreement, Files affirmed that he had carefully reviewed every part of the agreement with his attorney, that he understood the agreement, and that he was voluntarily agreeing to its terms. Moreover, during the plea hearing, Files affirmed that he understood the agreement, that he knew that he was waiving his right to appeal his sentence, and that he knew that he was "waiving [his] right to challenge [his] conviction or [his] sentence or both in any post-conviction proceeding." (Plea Hearing Tr. at 15). Files also testified that he was satisfied with the services provided by his attorney, that no one had forced him to enter into the plea agreement or to enter a plea of guilty, and that no one had made any promises other than those included as terms of the plea agreement.

Files' testimony at the plea hearing conclusively establishes that he understood the terms of the plea agreement, including the waiver of collateral-attack rights, and that his guilty plea was made knowingly and voluntarily. Although Files now alleges that his attorney coerced him to plead guilty and failed to advise him of the consequences of the collateral-attack waiver, Files'

---

[4] The Fourth Circuit has recognized a narrow class of claims that fall outside the scope of a valid waiver of appellate or collateral-attack rights. Issues that a defendant could not have reasonably foreseen when entering into a plea agreement, such as the imposition of a sentence above the statutory maximum, the imposition of a sentence based on an constitutionally impermissible factor such as race, United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), or the complete denial of counsel at any stage of the proceedings following the entry of the plea, United States v. Attar, 38 F.3d 727, 732-733 (4th Cir. 1994), fall outside the scope of the waiver.

7

allegations in this regard directly contradict his affirmations in the plea agreement and his sworn statements during the plea hearing. Consequently, in light of the existing record, and in the absence of any extraordinary circumstances that would entitle Files to an evidentiary hearing, the court concludes that Files' claims pertaining to the voluntariness of his plea agreement and the waiver of collateral-attack rights are "palpably incredible and patently frivolous or false," Lemaster, 403 F.3d at 222, and that both the waiver and Files' guilty plea are valid and enforceable. Because none of the remaining claims in Files' § 2255 motion challenge the validity of the plea agreement or fall within the narrow class of claims that have been found to fall outside the scope of a valid waiver,[5] such claims must also be dismissed.

## Conclusion

For the reasons stated, the court will grant the government's motion to dismiss. Additionally, because the defendant has failed to demonstrate "a substantial showing of the denial of a constitutional right," the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 19th day of January, 2010.

_____
United States District Judge

---

[5] See footnote 4, supra.