IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:07-cr-63 |
| v. | ) |
| | ) By: Michael F. Urbanski |
| DUSTIN SCOTT FILES, | ) Chief United States District Judge |
| | ) |
| Defendant | ) |

## MEMORANDUM OPINION

Pending before the court are defendant Dustin Scott Files' pro se motions to correct his PSR, construed by the court as motions to correct a clerical error under Rule 36 of the Federal Rules of Criminal Procedure. ECF Nos. 836, 837.[1] The government has responded to the motions. ECF No. 842. As discussed more fully below, the court **DENIES** the motions.

### I.

On May 14, 2008, Files entered into a plea agreement in which he pled guilty to one count of conspiracy to possess with intent to distribute and to distribute more than 5 kilograms of powder cocaine and more than 50 kilograms of cocaine base in violation of 21 U.S.C. § 846. Plea Agreement, ECF No. 311. On September 12, 2008, Files was sentenced to a term of 180 months, to be followed by a 5-year term of supervised release. The judgment recommended placement at FCI Talladega, at Files' request. J., ECF No. 444. The court adopted the Presentence Investigation Report (PSR) although it sustained a defense objection as to drug weight and found

---

[1] Defendant Files' case was transferred to the undersigned on July 25, 2022.

Files responsible for between 5 and 15 kilograms of powder cocaine. Statement of Reasons, ECF No. 445 at 1.

The court adopted the PSR finding that Files' had a criminal history category of V. Id. The criminal history category was based on the calculation of criminal history points, including the following:

> (1) 1 point under United States Sentencing Commission, Guidelines Manual (USSG), § 4A1.1(c) (Nov. 2007) for contributing to the delinquency of a minor and possession of marijuana;
>
> (2) 3 points under USSG §§ 4A1.1(a) and 4A1.2(k)(1) for attempted credit card fraud, credit card forgery, and credit card theft;
>
> (3) 1 point under USSG § 4A1.1(c)(1) for contempt of court;[2]
>
> (4) 1 point under USSG § 4A1.1(c) for possession of cocaine;
>
> (5) 1 point under USSG § 4A1.1(c) and 4A1.2(c)(1) for contempt of court; and
>
> (6) 1 point under USSG § 4A1.1(c) for conspiracy to distribute marijuana and possession of marijuana with intent to distribute.

PSR, ECF No. 820 ¶¶ 100–110.

The criminal convictions resulted in a subtotal criminal history score of 8. Files received 2 additional points under USSG § 4A1.1(d) because at the time the offense was committed, he was on probation. Files received 1 more point under USSG § 4A1.1(e) because the offense was committed less than two years after Files was released from custody for a previous offense. See PSR, ECF No. 820 ¶¶ 111–114. In all, Files was assessed a total of 11 criminal history points, which corresponds to criminal history category V. Id. ¶ 114; USSG Ch. 5 Pt. A.

---

[2] This should probably be USSG § 4A1.1(c), as there is no § 4A1.1(c)(1).

Files' criminal history category of V, combined with his total offense score of 35, resulted in a sentencing range of 262 to 327 months. PSR, ECF No. 820 ¶ 135. However, when the court sustained Files' objection to the drug quantity in the PSR, it lowered Files' total offense score to 31. See Sentencing Tr., ECF No. 593 at 43–44. An offense level of 31 combined with a criminal history category of V resulted in a guidelines sentencing range of 168 to 210 months. USSG Ch. 5 Pt. A. The court sentenced Files to 180 months. J., ECF No. 444.

Although neither party objected to the PSR, it contained an error. Files was assessed 5 criminal history points under USSG § 4A1.1(c), although the guideline allows for a maximum of 4 points to be assessed under this subsection.[3] Thus, Files' criminal history score should have been calculated as 10 rather than 11. This error, compounded by another error discussed below, forms the basis of Files' motions.

On April 7, 2015, the court reduced Files' 180-month sentence to 150 months, pursuant to Amendment 782 of the sentencing guidelines. ECF Nos. 759, 760, 767. On March 5, 2018, Files filed a pro se motion to reconsider the reduction to his sentence. Mot., ECF No. 814. In the motion, Files pointed out the error in the calculation of criminal history points in his PSR and advised that he had contacted the Bureau of Prisons (BOP) and asked them to correct its records because the criminal history score was affecting his classification level. Id. at 2. Files attached a copy of a February 9, 2018 letter to a BOP staff person from the United States Probation Officer (USPO) who prepared the PSR.

---

[3] "Add **1** point for each prior sentence not counted in (a) or (b), up to a total of **4** points for this subsection." USSG § 4A1.1(c).

In the letter, the USPO acknowledged that Files' criminal history points should have been calculated as 10 rather than 11. Id. However, the USPO then made another error when she stated that because of the point reduction, Files' criminal history category should have been IV, rather V. Id. Letter, ECF No. 814-1. This statement was incorrect because criminal history points adding up to 10, 11, or 12 correspond to criminal history category V, while criminal history points adding up to 7, 8, or 9 correspond to criminal history category IV. USSG Ch. 5 Pt. A. Thus, although Files' criminal history points added up to 10 rather than 11, that calculation did not change his criminal history category of V.

On April 13, 2018, the court considered Files' motion for reconsideration and reduced the sentence from 150 months to 130 months. ECF No. 816. The court stated that it was correcting an error in Files' presentence report that affected his sentencing guidelines range. Id. In the accompanying order, the court appeared to rely on the error in the USPO's letter as it determined that Files' criminal history category was IV rather than V and that his amended guidelines range was 121 to 151 months. ECF No. 816-1. In an addendum to the PSR prepared by the probation office and filed on March 19, 2019, it was noted that Files' criminal history category had been reduced to IV and that his sentence had been reduced to 130 months. Addendum to PSR, ECF No. 824 at 2.

## II.

Files was released to supervision on July 19, 2019, and jurisdiction over his supervision was transferred to the Eastern District of Virginia. ECF No. 833. Files did not make a successful adjustment to supervision. On September 16, 2019, Files' term of supervision was revoked and he was ordered to serve 1 month of imprisonment to be followed by 59 months of supervised

4

release. ECF No. 14 in United States v. Files, No. 3:19-cr-000116-MHL-1 (E.D. Va. filed Aug. 19, 2019) (hereinafter "EDVA case"). Following his release to supervision and subsequent arrest on several state charges, Files's federal supervision was revoked on December 8, 2020, and he was sentenced to 11 months' incarceration to be followed by a 3-and-a-half-year term of supervision. ECF No. 27 in the EDVA case. Files was released from custody on May 28, 2021 and almost immediately started using cocaine and also started making threats of suicide. Petition on Supervised Release, ECF No. 46 in the EDVA case. He was arrested on June 25, 2021, and held until July 28, 2021, when he was released and ordered to go to in-patient drug and mental health treatment. Order, ECF No. 54 in the EDVA case. On July 30, 2021, he was removed from the in-patient program for lying to staff and failing to follow instructions from staff. Addendum to Petition on Supervised Release. ECF No. 56 in the EDVA case. On September 13, 2021, Files' supervision was revoked and he was sentenced to a term of 30 months with no additional period of supervision to follow. Order, ECF No. 91 in the EDVA case. Files appealed the revocation and it was affirmed by the Fourth Circuit Court of Appeals on September 30, 2022. ECF Nos. 106, 107, and 108 in the EDVA case.

Files currently is housed at Memphis FCI and his anticipated release date is August 9, 2023.[4]

### III.

In Files' first motion for relief, he asks the court to order the BOP to "update their records" and show that his criminal history points should be reduced from 10 to 9, even though

---

[4] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Dustin Files") (last viewed April 10, 2023).

5

the USPO stated in her letter that his points should be reduced from 11 to 10. He claims that the mistaken calculation of his criminal history points is affecting his custody classification in prison and is affecting his eligibility for placement in a halfway house. In addition, he complains that the BOP did not house him in Talladega, Alabama as he requested and as the court recommended when he was sentenced. ECF No. 836.

In Files' second motion for relief, he asks the court to order the United States Probation Office to amend his PSR and have the amended PSR sent to the BOP to that it can correct his custody classification. He once again asks that his criminal history points be calculated as 9, which will enable him to qualify for "OUT custody."[5] He asserts that although the USPO said his custody level should have been 10 rather than 11, it should have been 9 rather than 10.

Files further asks the court to order the BOP to release him to home confinement to "offset the unfortunate effects" of the errors that BOP relied upon to misclassify him for several years. In the alternative, he asks that the BOP be ordered to transfer him to the Talladega, Alabama CAMP facility, or to the Maxwell Air Force Base CAMP in Montgomery, Alabama. He claims that placement at either of these facilities is necessary for the BOP to comply with BOP Program Statement P5100.08, Ch. 1, p. 2, which states that to the extent practicable, a prisoner should be housed within 500 miles of his primary residence, which for Files is Florence, Alabama.

Turning first to the issue of the correct calculation of Files' criminal history points, the court construes Files' motion as a motion to correct a clerical error under Rule 36 of the Federal

---

[5] "OUT Custody" is the second lowest custody level assigned to an inmate requiring the second lowest level of security and staff supervision. An inmate who has OUT custody may be assigned to less secure housing and may be eligible for work details outside the institution's secure perimeter with a minimum of two-hour intermittent staff supervision. BOP Program Statement, P5100.08, Ch. 2, p. 4. An inmate's criminal history score is one of many factors that goes into determining his custody level. See, generally, BOP Program Statement P5100.08, Ch. 6.

Rules of Criminal Procedure. The rule states, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." It is well-accepted that PSRs constitute an "other part of the record" amenable to correction under Rule 36. United States v. Vanderhorst, 927 F.3d 824, 826 (4th Cir. 2019).

      Files argues that the court's reduction of his sentence to 130 months with its concurrent reduction of the criminal history category from V to IV confirms that he has only 9 criminal history points. However, this argument does not stand up to scrutiny of the PSR, or the letter from the USPO. As discussed above, the mistake in the PSR is that it calculated 5 criminal history points based on USSG § 4A1.1(c), when the subsection allows only for a total of 4 points. The incorrect calculation resulted in a subtotal criminal history score of 8, when it should have been 7. See PSR, ECF No. 820 ¶ 111. Two points were added because Files was on probation when he committed the offense and an additional point was added because he committed the offense less than two years after release from custody on a previous offense, for a total offense level of 11. Id. ¶¶ 112, 113. Correction of the criminal points history to conform to the guidelines results in a total criminal points history of 10, not 9, as recognized by the USPO in her letter of February 9, 2018. Letter, ECF No. 814-1.

      To be sure, the court did lower Files' criminal history category to IV, apparently also based on the letter from the USPO where she stated that 10 criminal history points correlates to criminal history category IV. However, that statement is incorrect. If a defendant has 10, 11, or 12 criminal history points, he is classified as criminal history category V. USSG Ch. 5 Pt. A. The fact that the court relied on the error to lower Files' criminal history category to IV does not mean that the

7

error should be compounded by a finding that he has 9 criminal history points when the record indicates clearly that he has 10 criminal history points. Accordingly, the court **DENIES** Files' motion to order the BOP to revise his PSR to show that he has only 9 criminal history points.

Turning to Files' other requests, that the court order his immediate release to home confinement, or, alternatively, that he be transferred to a facility within 500 miles of his primary residence, the court is without authority to grant either request. The BOP designates the place of a prisoner's imprisonment after considering a host of factors, including statements by the court recommending a type of penal or correctional facility as appropriate. 18 U.S.C. § 3621(b)(4). However, BOP designation of a place of imprisonment is not reviewable by any court. 18 U.S.C. § 3621(b). Accordingly, Files' motion for the court to order the BOP to release him to home confinement, or transfer him to a facility closer to Florence, Alabama, is **DENIED**.[6]

An appropriate order will be entered.

It is so **ORDERED**.

Entered: April 13, 2023

Michael F. Urbanski
Chief U.S. District Judge
2023.04.13 23:28:47
-04'00'

_____
Michael F. Urbanski
Chief United States District Judge

---

[6] The court notes that Files currently is housed at Memphis FCI which is 155 miles from Florence, Alabama and well within the 500-mile recommended range set forth in the BOP program statement.